UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

**Jimy Rodriguez, and
other similarly situated individuals,**

       **Plaintiff(s),**

vs.

**Laurel Oak Landscaping, Inc,
a Florida Corporation, SouthEast Landscaping II, LLC,
a Florida Corporation,
Liudmila Rivas, individually and
Raul Torres, Individually.**

**Defendants.**
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

The Plaintiff, **JIMY RODRIGUEZ,** by and through the undersigned counsel, sue the Defendants Laurel Oak Landscaping, Inc, a Florida Corporation, SouthEast Landscaping II, LLC, a Florida Corporation, Liudmila Rivas, individually and Raul Torres, individually. and allege as follows:

1. This is an action to recover money damages for unpaid wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff, JIMY RODRIGUEZ is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant, LAUREL OAK LANDSCAPING, INC, is a Florida Profit corporation having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

1

4. Defendant, SOUTHEAST LANDSCAPING II, LLC, is a Florida Profit corporation having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce.

5. Defendant, LIUDMILA RIVAS is the owner of LAUREL OAK LANDSCAPING, INC a resident of Miami-Dade County, Florida.

6. Defendant, RAUL TORRES is the owner of SOUTHEAST LANDSCAPING II, LLC and a resident of Miami-Dade County, Florida.

7. Each named Defendant, individually and as a group, is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(r), and (s).

8. The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in commerce within and beyond Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

9. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiff, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

10. The Plaintiff, JIMY RODRIGUEZ, worked as an assistant landscaper. The Plaintiff work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as assistant landscaper employed by LAUREL OAK LANDSCAPING, INC, SOUTHEAST LANDSCAPING II, LLC and LIUDMILA RIVAS, and, RAUL TORRES.

11. While employed by Defendants, the Defendants failed to pay the Plaintiff, JIMY RODRIGUEZ halftime rate for thirteen (13) pay periods and is owed sixty two and four hundredth of hours (62.4) hours of halftime rate for any hours over 40.

12. Plaintiff, JIMY RODRIGUEZ was paid $18.50 an hour starting on or about **April 14, 2020,** through **and continuing through April 2, 2021** but was only paid for straight time for any hours that he worked in excess of 40 hours per week. Plaintiff seeks to recover for unpaid overtime and wages accumulated from the date of hire and/or from the date of the filing of this complaint.

13. Plaintiff was required to work in excess of 40 hours per week with no provisions for overtime wages.

14. Prior to the completion of discovery and to the best of Plaintiff, **Jimy Rodriguez**, knowledge, at the time of the filing of this complaint, **Plaintiff's, good faith estimate of unpaid wages** are as follows:

**Actual Damages** plus interest, representing the amount of unpaid wages on a bi-weekly basis as follows:

- Pay period one (pay period beginning June 2, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period two (pay period beginning June 16, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period four (pay period beginning June 23 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period four (pay period beginning June 30, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period five (pay period beginning July 21, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period six (pay period beginning August 4, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period seven (pay period beginning August 18, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period eight (pay period beginning September 1, 2020): JIMY RODRIGUEZ worked 1 hour ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $9.25.

- Pay period nine (pay period beginning September 15, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period ten (pay period beginning September 22, 2020): JIMY RODRIGUEZ worked 4.8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $44.00.

- Pay period eleven (pay period beginning October 9, 2020): JIMY RODRIGUEZ worked 1.1 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $10.18.

- Pay period twelve (pay period beginning October 20, 2020): JIMY RODRIGUEZ worked 8 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $74.00.

- Pay period thirteen (pay period beginning March 23, 2021): JIMY RODRIGUEZ worked 1.5 hours ($9.25 per hour representing ½ time rate) of unpaid overtime wages for a total amount due of $13.88.

THEREFORE, the Plaintiff is owed a total of $577.31 in unpaid wages.

**Liquidated Damages** The nature of wages and statutory damages owed are unpaid, and untimely paid statutory minimum wages, and corresponding liquidated damages representing an equal amount in double damages/liquidated damages of $577.31.

**TOTAL DAMAGES**: **$1,154.62 in estimated damages plus reasonable attorney's fees and costs of suit**.

## COUNT I: FAILURE TO PAY
## VIOLATION BY LAUREL OAK LANDSCAPING, INC, LIUDMILA RIVAS,

15. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 above as if set out in full herein.

16. At all times material hereto, the Defendants, LAUREL OAK LANDSCAPING, INC, and LIUDMILA RIVAS, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiff, JIMY RODRIGUEZ performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiff in this action were weekly paid employees and/or former employees of the Defendants, LAUREL OAK LANDSCAPING, INC, and LIUDMILA RIVAS, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

17. The Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, , knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff unpaid wages as set forth above.

18. The Plaintiff are entitled to recover double damages. Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

19. The Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, willfully and intentionally refused to pay the Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since June 2020.

20. The Plaintiff have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

21. The Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

22. The Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, violation of FLSA provisions concerning prompt, regular payment of wages were willful.

23. The Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS, knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

24. The Plaintiff are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

## COUNT II: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

26. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

28. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants. Defendants, LAUREL OAK LANDSCAPING, INC, AND LIUDMILA RIVAS business activities involve those to which the Fair Labor Standards Act applies. The Defendant worked as an assistant landscaper. The Plaintiff work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as assistant landscaper.

29. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiff in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

30. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act

and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

31. At the times mentioned, Defendant LIUDMILA RIVAS was, and is now, the Manager and/or owner of Defendant Corporation. Defendant, LIUDMILA RIVAS was the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant, LIUDMILA RIVAS has operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff' damages.

32. Defendants, LAUREL OAK LANDSCAPING, INC, and LIUDMILA RIVAS willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

33. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT III: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

34. Plaintiff adopt the allegations set forth in 1-14, as though set forth herein.

35. At all times during, the Plaintiff and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer and overtime for any hours over 40 hours at time and half.

36. Since 2020 through the present, Defendants have violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiff and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates,

and/or not paying them overtime required under both federal law, and under Florida law and the Florida Constitution.

37. Plaintiff have satisfied any condition precedent to filing this action, if any.

38. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

## COUNT IV: FAILURE TO PAY
## VIOLATION BY SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 14 above as if set out in full herein.

40. At all times material hereto, the Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES, failed to comply with Title 29 U.S.C. §§201-219 and 29 C.F.R. and § 516.2 and §516.4 et seq. in that the Plaintiff, JIMY RODRIGUEZ performed services and no provision was made by the Defendants to properly pay them as required by the act. The additional persons who may become Plaintiff in this action were weekly paid employees and/or former employees of the Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES, who are and who were subject to the unlawful payroll practices and procedures of the Defendants.

41. The Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES knew and/or showed reckless disregard for the provisions of the Act concerning the payment of wages required by the Fair Labor Standards Act (FLSA) and remain owing the Plaintiff unpaid wages as set forth above.

42. The Plaintiff are entitled to recover double damages. Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES never posted any notice, as required by the Fair Labor Standards Act (FLSA) and Federal Law, to inform employees of their federal rights to minimum wage payments.

43. The Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES willfully and intentionally refused to pay the Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these unpaid wages since June 2020.

44. The Plaintiff have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fee.

45. The Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES have violated the FLSA's prompt payment requirement by failing to pay Plaintiff, promptly.

46. The Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES violation of FLSA provisions concerning prompt, regular payment of wages was willful.

47. The Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES knew and/or showed reckless disregard for the provisions of the FLSA and its regulations concerning prompt, regular payment of wages.

48. The Plaintiff are entitled to recover liquidated damages in an amount equal the actual damages for Defendant's FLSA violation.

**COUNT V: WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST , SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES**

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

50. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

51. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendants operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the annual gross revenue of the Employer/Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

52. By reason of the foregoing, the Employer/Defendants are and were during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendants.  Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES business activities involve those to which the Fair Labor Standards Act applies.  The

Defendant worked as an assistant landscaper. The Plaintiff work for the Defendants likewise affects interstate commerce. Defendants employed Plaintiff as assistant landscaper.

53. At all times material hereto, the Employer/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act. The additional persons who may become Plaintiff in this action are bi-weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

54. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

55. At the times mentioned, Defendant RAUL TORRES was, and is now, the Manager and/or owner of Defendant Corporation. Defendant, RAUL TORRES, were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the

interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff and others similarly situated. Defendant, RAUL TORRES, had operational control of the business, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff' damages.

56. Defendants, SOUTHEAST LANDSCAPING II, LLC, AND RAUL TORRES, willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff' employment with Defendants as set forth above.

57. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### COUNT VI: VIOLATION OF THE FLORIDA MINIMUM WAGE ACT
### (Failure to Pay Minimum Wages)

58. Plaintiff adopts the allegations set forth in 1-14, as though set forth herein.

59. At all times during, the Plaintiff and others similarly situated were required to be paid a minimum hourly wage for every hour worked for the Employer and overtime for any hours over 40 hours at time and half.

60. Since June 2020 through the present, Defendants have violated the provisions of §448.110, Florida Statute by failing to timely pay Plaintiff and others similarly situated, anything on the scheduled pay date, and/or ultimately paying them less than the minimum wage rates, and/or not paying them overtime required under both federal law, and under Florida law and the Florida Constitution.

61. Plaintiff have satisfied any condition precedent to filing this action, if any.

62. The Employer knew or showed a reckless and willful disregard for the provisions of the Florida Minimum Wage Act and the FLSA concerning the timely payment of minimum wages for all hours worked, and accordingly remains owing to the named Plaintiff and

other similarly situated employees, unpaid minimum hourly wages for every hour worked during each respective pay period, and liquidated damages based upon the tardy or non-payment of wages due.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly-situated individuals and against the Defendants, **LAUREL OAK LANDSCAPING, INC, SOUTHEAST LANDSCAPING II, LLC, LIUDMILA RIVAS, and RAUL TORRES** on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., other Federal Regulations and Florida Statute §448.110 ; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law and Florida Law.

## JURY DEMAND

Plaintiff and those similarly-situated individuals demand trial by jury of all issues triable as of right by jury.

Dated: August 3, 2021

           Respectfully submitted,

           **JARA LAW FIRM**
           13876 SW 56 Street, Suite 262
           Miami, Florida 33175
           Telephone: (305) 372-0290
           Franklin@JaraLaw.com
           Joanna@JaraLaw.com

            By: <u>/s/ Franklin A. Jara</u>
              Franklin Antonio Jara, Esq.
              Fla. Bar No. 636681